123 N.J. Super. 162 (1973)
302 A.2d 136
SOL DAVIDOW, PLAINTIFF-APPELLANT,
v.
BOARD OF ADJUSTMENT OF THE TOWNSHIP OF SOUTH BRUNSWICK, BUILDING INSPECTOR OF THE TOWNSHIP OF SOUTH BRUNSWICK, AND THE TOWNSHIP OF SOUTH BRUNSWICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1973.
Decided March 15, 1973.
*163 Before Judges CARTON, MINTZ and CRAHAY.
Mr. Seymour Gelzer argued the cause for plaintiff-appellant (Messrs. Iaria & Gelzer, attorneys.)
Mr. Andre W. Gruber argued the cause for the defendants-respondents (Messrs. Seiffert, Frisch & Gruber, attorneys.)
PER CURIAM.
Plaintiff filed a complaint in lieu of prerogative writs challenging (1) the constitutionality of a portion of the South Brunswick Township (township) zoning ordinance, and (2) the denial by the board of adjustment (board) of a special exception permit to construct a motel, restaurant and cocktail complex.
The Law Division upheld the validity of the ordinance and affirmed the board's action in denying the special exception variance.
*164 Plaintiff holds options to purchase a seven-acre tract at the southwest corner of Route 1 and Ridge Road in the township. It has a frontage of 510 feet along the southbound side of Route 1. Across Ridge Road from the involved property and on the same side of Route 1 is situated an existing motel. Route 1 is a four-lane highway with a center divider.
Section 401 of the ordinance recites various district regulations. The tract in question is in an LI-3 district (light industrial zone). Permitted uses are offices, light industry and scientific or research laboratories. The challenged portion of the ordinance allows in addition to the stated uses, subject to Board approval under N.J.S.A. 40:55-39(b), motels and restaurants provided that they be at intervals of not less than 5,000 feet from the same use along one side of a highway. Thus, by the terms of the ordinance plaintiff was precluded from seeking a (b) type permit under N.J.S.A. 40:55-39 and instead applied for a "special exception" variance under N.J.S.A. 40:55-39(d). After a hearing, the application was denied. The board found that plaintiff applicant had not demonstrated any special reasons for the motel complex use at the site. The decision was based in part on the grounds that there existed a motel across Ridge Road from the involved property on the same side of Route 1 and that the zoning ordinance permitted motels provided they were not within 5,000 feet of similar establishments.
The action in lieu of prerogative writs ensued, attacking the constitutionality of the 5,000-foot limitation and the denial of the variance. In Harvard Ent., Inc. v. Board of Adjustment of Madison Tp., 56 N.J. 362 (1970), a similar attack was directed against proximity regulations involving gasoline stations. There the rulings upholding such regulations as enunciated in Schmidt v. Board of Adjustment, Newark, 9 N.J. 405 (1952), and Socony Mobil Oil Co. v. Ocean Tp., 56 N.J. Super. 310 (Law Div. 1959), aff'd 59 N.J. Super. 4 (App. Div. 1960), were not disturbed. The court in Harvard noted that it had not hesitated in the *165 past to reconsider policies in the light of changed circumstances but felt that the record there did not warrant a departure from Schmidt and Socony.
In this matter plaintiff produced before the board a number of witnesses, some of whom addressed themselves to the 5,000-foot restriction.
The township's own planner, Elwood Jarmer, a licensed planner for the State of New Jersey, testified that he saw no problem in varying from the 5,000-foot separation requirements: "* * * the only comment I can make regarding that [5,000-foot requirement] is that I have not recommended that regulation as a proper planning control on motels. * * * I don't feel it's a proper planning control on motels." As planning consultant for the township planning board and the township he had recommended a change in the challenged requirement.
Nicholas T. Kehayas, a planning consultant, testified that the 5,000-foot requirement was arbitrary and he knew of no studies or reasons to fix distances between motels.
Henry Ney, a registered professional engineer whose principal practice was in traffic and transportation, testified both before the board in support of the variance and before the trial court in the attack on the constitutionality of the ordinance. From a traffic standpoint he was of the opinion that there was no basis for restricting distances between motel uses. He felt that such spacing requirements would have validity in comprehensive zoning in certain types of manufacturing uses which, where concentrated, might cause pollution problems. Insofar as motel uses were concerned, he stated there were no health or safety hazards. In his opinion there was no basis in comprehensive zoning for establishing minimum distances on one side of a street between motels.
Louis H. Budd, the planning and zoning officer for East Brunswick Township, testified before the trial court that there was no rationale in the minimum distance requirement and that the effect of the requirement was to limit the number of motels, thereby effectively restricting competition.
*166 No proofs were submitted by the board or the township in support of the ordinance.
The judicial role in reviewing a zoning ordinance is tightly circumscribed and the ordinance enjoys a strong presumption in favor of its validity which continues unless overcome by clear showing that it is arbitrary and unreasonable. Harvard Ent., Inc., supra. Zoning, like every exercise of the police power, must be grounded by a rule of reason. The constitutional principle of equal protection requires that the exercise of the power be reasonable and not arbitrary and that the means selected for the implementation of a policy bear a real and substantial relation to that end. Restraints on the use of property must be reasonable and not unduly discriminatory. Katobimar Realty Co. v. Webster, 20 N.J. 114 (1955), and Schmidt v. Board of Adjustment, Newark, 9 N.J. 405 (1952).
The essence of zoning is territorial division according to the character of the lands and structures and their peculiar suitability for particular uses. The restrictions must be general and uniform in the particular district. Arbitrary discrimination violates constitutional equal protection concepts. Schmidt, supra.
We find no rational basis for the 5,000-foot requirement nor that it in any way attempts to achieve the stated purpose of comprehensive zoning. N.J.S.A. 40:55-32.
Section 401 insofar as it requires intervals of not less than 5,000 feet between motels and restaurants on the same side of the highway is invalid, being unduly discriminatory and arbitrary.
Reversed.