199 N.J. Super. 470 (1985)
489 A.2d 1218
EXXON COMPANY, U.S.A., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF LIVINGSTON IN THE COUNTY OF ESSEX, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, PLANNING BOARD OF THE TOWNSHIP OF LIVINGSTON, AND THE CONSTRUCTION OFFICIAL OF THE TOWNSHIP OF LIVINGSTON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1985.
Decided March 15, 1985.
*472 Before Judges PRESSLER, BRODY and COHEN.
Ralph A. Yacavino, attorney for appellant.
Barry H. Evenchick, Municipal Attorney for the Township of Livingston, attorney for respondents (Barry H. Evenchick, of counsel; Frederick S. Title, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
In this action in lieu of prerogative writs, plaintiff Exxon Company unsuccessfully challenged the facial constitutionality and the constitutionality as applied to its property of a zoning ordinance provision of defendant Township of Livingston which prohibits gasoline station use within 500 feet of another gasoline station or of specific public uses, such as schools and churches. We reverse.
*473 The ordinance provision permits gasoline stations and public garages as conditional uses in the B-1 business district, of which there are several in the Township. The effect of the proximity requirement, however, is to bar new gasoline station sites because of the number and location of pre-existing stations in the Township vis-a-vis other such uses and public buildings. The inference is inescapable that the proximity device not only operates as a prohibitory mechanism but was intended for that purpose.
Of the 26 service stations and public garages now operating in Livingston, Exxon owns or is the franchisor of eight. One of these is located at the intersection of Sherbrooke Parkway and Mt. Pleasant Avenue (the Sherbrooke station). The intersection at which the station is located is uncontrolled, the facility itself is an old one, and one of the intersecting streets is residential in character. That station does not meet Exxon's present site location criteria and is otherwise in need of physical upgrading. It is also in violation of the ordinance since it is located within 500 feet of two churches, a theater and another service station.
Exxon owns a vacant parcel on Mt. Pleasant Avenue at its intersection with Livingston Avenue. This intersection, controlled by a traffic light, is about a block away from the Sherbrooke station. It meets Exxon's site selection criteria because of the controlled nature of the intersection; the commercial character of both intersecting streets and the surrounding uses; the nature and volume of the vehicular traffic passing on the intersecting streets, one of which is a county highway and the other of which is a state highway; and the size of the parcel, which lends itself to well-designed traffic circulation patterns. Exxon plans to close the Sherbrooke station and to relocate that facility to the subject premises on which it intends to build a modern, safer, more aesthetically pleasing facility more compatible with and better buffered from its surrounding uses. The new site, however, runs afoul of the ordinance because of its proximity to several public buildings and another service station. The other service station is an *474 Exxon franchise located immediately adjacent to the proposed relocation site. That station is apparently an old facility whose major business is mechanical and body work rather than the sale of gasoline.
Prior to the institution of this suit, plaintiff applied to the Livingston Planning Board for conditional use approval for the proposed site, also requesting variance relief from the proximity requirement and some of the so-called bulk requirements applicable to service stations. The application was denied, and plaintiff commenced this action seeking both relief from the adverse determination of the Planning Board and a declaration of the unconstitutionality of the proximity requirements of the ordinance. The challenge to the Planning Board action was dismissed prior to trial, the judge having concluded that the Planning Board lacked jurisdiction to grant the requested variance relief. The order dismissing that count of the complaint expressly provided that it was entered without prejudice to plaintiff's right to apply to the Board of Adjustment for variance relief. Regrettably, plaintiff did not do so, and trial of the constitutional challenge alone ensued.
The trial proofs were circumscribed by a stipulation of the parties pursuant to which Livingston represented that its proximity ordinance was not motivated by the traditional view that gasoline stations generate special community problems in terms of vehicular and pedestrial traffic dangers; the risk of combustion, fumes and environmental pollution; the creation of noise; and the depreciation of neighborhood property values. Rather, it undertook to defend the proximity provision solely on the ground that it is reasonably related to the planning desideratum of encouraging the appropriate use of land. As explained by the Township's land-use expert, the sound planning of Livingston's business districts was intended to be promoted by preventing a concentration of gasoline stations in order to ensure the availability of vacant sites in the B-1 district for diverse commercial development and, particularly, for retail uses. It was his testimony that

*475 * * * we did not want to have a proliferation of gas stations monopolizing the core business town center of Livingston. I think I used the term gasoline alley to illustrate the point. * * * We would prefer to have retail sales in the whole zone.
Because of this stipulation, plaintiff expressly refrained from introducing experts' proofs dealing with the more typical, nuisance-type objections to gasoline station use. See, e.g., Schmidt v. Board of Adjustment, Newark, 9 N.J. 405 (1952). Thus, it did not call its traffic expert, its safety expert, its construction engineer or its real estate appraisal expert.
The focus of the trial proofs was further limited by plaintiff's representation to the court that its challenge was essentially addressed not to the facial unconstitutionality of the proximity requirement but rather to its unconstitutionality as applied to its property. As plaintiff's counsel explained:
We would ask the court to limit its decision, ultimate decision, to this particular case in this particular piece of property. Even though the court would conclude that the ordinance is not otherwise sustainable, even generally, we would ask the court to limit its decision by stipulation to the facts of this particular property.
Accordingly, the proofs concentrated on a comparison of the present Sherbrooke site and the proposed new site and the attempted demonstration of the preferability of the latter as a matter of sound planning and sound business practice.
The trial judge's decision upholding the ordinance provision concentrated on its facial constitutionality. The judge recognized that historically proximity limitations in respect of gasoline station use have been sustained by the courts on the basis of its perceived sui generis character in generating the hazards we have already adverted to. See Harvard Ent., Inc. v. Bd. of Adj. of Tp. of Madison, 56 N.J. 362 (1970).[1]See also Exxon *476 Co. v. Bernardsville Bd. of Adj., 196 N.J. Super. 183 (Law Div. 1984). And see generally 2 Anderson, American Law of Zoning, § 15.31 (Cum.Sup. 1983). That perception was, however, irrelevant to the ordinance here in view of Livingston's singular stipulation that a special problem-generating character of gasoline stations was not the basis of its proximity requirement. The trial judge correctly viewed the import of the stipulation as a concession, at least for purposes of this litigation, "that none of the problems traditionally associated with gas stations are any greater than for other commercial uses permitted in the B-1 Zone." In view of this concession, it is difficult for us to ascribe any logical or reasonable basis, in the constitutional sense, for the proximity requirement for this one use.
As we have indicated, the municipal planner attempted to justify the requirement on the sole basis that the available vacant land in the B-1 districts should be developed for retail uses. But he admitted that the ordinance freely permits other uses in those districts, including offices, service establishments, newspaper offices and printing businesses with a limited number of employees. Since that is so, the asserted municipal purpose of encouraging retail use is as readily subject to frustration by bankers, professionals, and indeed the whole range of other permitted users who would not be susceptible, on any arguable basis, to constitutional proximity limitations.[2] *477 See Davidow v. Bd. of Adj. Tp. of South Brunswick, 123 N.J. Super. 162, 302 A.2d 136 (App.Div. 1973). Thus, in our view, Livingston's stipulation respecting the virtual indistinguishability of gasoline stations from other permitted non-retail uses compels the conclusion that there is no rational basis in equal protection classification terms or based on the police power for singling out one of these uses for proximity limitations. See, e.g., State v. Baker, 81 N.J. 99, 105-107 (1979); Taxpayers Assn. of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 40 (1976); Berger v. State, 71 N.J. 206, 223 (1976). We are further persuaded that there can be no conceivable rational relationship at all between the asserted purpose of encouraging retail use and the distance which a gasoline station must be from a public building.
Nor do we find a justification for the proximity restriction in the fact that gasoline stations are a conditional use in the B-1 Zone whereas the other non-retail uses are permitted without special leave. As we understand the nature of conditional uses, they are so classified because they have specific characteristics which make them unsuitable, in the planning sense, for indiscriminate location within a district. These are uses ordinarily requiring special standards relating to traffic patterns, street access, parking, and the like in order to assure their functional and physical compatibility with the district as a whole and their appropriate integration into the district. See N.J.S.A. 40:55D-67(a). And see generally Urban Farms, Inc. v. Franklin Lakes, 179 N.J. Super. 203, 211 (App.Div. 1981), certif. den. 87 N.J. 428 (1981). It is obvious that gasoline stations are appropriate for conditional use treatment to the end that they will be located on suitable sites with appropriate arterial access and internal design. But the essence of the conditional use concept is that every site within the district *478 which is able to meet the objective standards for suitability is entitled to qualify for that use. The contradictory import of the proximity regulation is that otherwise suitable sites are, as is apparently the case here, automatically and arbitrarily excluded from eligibility. That arbitrary consequence renders the proximity requirements invalid here despite the conditional-use character accorded by the ordinance to gasoline stations.
We do not comment on whether the desire of Livingston to dedicate the remaining vacant land in the B-1 district exclusively to new retail uses is a planning objective susceptible of legislative achievement. We hold only that that objective cannot be achieved by an ordinance barring another permitted or conditionally permitted use, conceded to be neither hazardous nor otherwise exceptional on the basis of a proximity limitation.
Plaintiff, as we have noted, objects on constitutional grounds to specific bulk requirements respecting setbacks, yards and driveway width applicable to gasoline stations only. We concur in the trial judge's refusal to invalidate these provisions. First, we deem the record insufficient to permit us to conclude that they are not reasonably related to the conditional use classification. Furthermore, these provisions represent restrictions most appropriately the subject of relief by way of the variance process.
Finally, while we declare the proximity limitation to be invalid, we are satisfied that defendant must be accorded an opportunity, if it wishes, to attempt to amend its ordinance to achieve its objectives constitutionally. See Deal Gardens, Inc. v. Bd. of Trustees of Loch Arbour, 48 N.J. 492, 498 (1967). We therefore stay this judgment and remand to the trial court for consideration, on such proofs as it deems appropriate, of the time period reasonably required by defendant for this purpose. Should Livingston be accorded time in which to amend the ordinance, the stay shall continue for whatever period of time is allowed by the trial court. If, however, the trial court shall *479 enter an order terminating these proceedings, this stay shall be automatically dissolved.
Reversed and remanded for further proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] We point particularly to Justice Hall's concurring opinion, 56 N.J. at 369, 370-371, in which he noted as follows:

I am convinced that it is time for judicial reconsideration of filling station zoning restrictions, including especially those dealing with a required distance between stations. They stem, as do decisions in this state generally upholding them, largely through repetition, from the early days of the motor vehicle and gasoline retailing. In many jurisdictions a modern, more realistic approach, in the light of experience as to hazards, has been taken and special regulations have been struck down, at least in part. See cases collected in 2 Anderson, American Law of Zoning, secs. 11.23 to 11.35 (1968).
Justice Hall nevertheless concurred in upholding the ordinance there under attack because of his agreement with the majority that the trial record was inadequate to permit meaningful review.
[2] While the testimony did not expressly so state, it is at least inferable that Livingston desires not only retail uses in the B-1 district but also diverse retail uses. We think it plain that such diversity could not be validly achieved by proximity limitations respecting, for example, supermarkets, drug stores or any other specific retail use.