227 N.J. Super. 284 (1988)
547 A.2d 316
CARDINAL PROPERTIES, A NEW JERSEY LIMITED PARTNERSHIP, PLAINTIFF-APPELLANT,
v.
THE BOROUGH OF WESTWOOD, PLANNING BOARD OF THE BOROUGH OF WESTWOOD, STEVEN NEGRI, THE CONSTRUCTION CODE OFFICIAL OF THE BOROUGH OF WESTWOOD, GORDON HAMPTON AND NITE AND DAY TOWING, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1988.
Decided March 23, 1988.
*285 Before Judges PRESSLER, BILDER and MUIR, Jr.
Richard J. Allen, Jr. argued the cause for appellant (DeLucia, Harrison & Allen, attorneys; Richard J. Allen, Jr., on the brief).
Eugene H. Austin argued the cause for respondents, The Borough of Westwood, Planning Board of the Borough of Westwood, and Steven Negri, The Construction Code Official of the Borough of Westwood (Austin & Cerame, attorneys; Eugene H. Austin, on the brief).
Michael F. Rehill argued the cause for respondents, Gordon Hampton and Nite and Day Towing, Inc. (Williamson & Rehill, attorneys; Michael F. Rehill, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is an appeal by an abutting objecting landowner from an order of the Law Division upholding a determination of the Westwood Planning Board granting the conditional use of an 8,000 square foot lot in the LM zone as a storage yard for the secure storage of impounded motor vehicles, and also granting the lot owner's application for site plan approval and variances. *286 The facts are set forth in detail in the trial judge's letter opinion of February 2, 1987 and need not be repeated here. On appeal plaintiff contends, inter alia, the standards for the conditional use as set forth in the Westwood Zoning Code are not "certain and definite" enough to meet the requirements of N.J.S.A. 40:55D-3 and 67 (sections of the Municipal Land Use Law), which provide as follows:
A [conditional use is defined as a] use permitted in a particular zoning district only upon a showing that such use in a specified location will comply with the conditions and standards for the location or operation of such use as contained in the zoning ordinance and upon the issuance of an authorization therefor by the planning board. [N.J.S.A. 40:55D-3]
....
A zoning ordinance may provide for conditional uses to be granted by the planning board according to definite specifications and standards which shall be clearly set forth with sufficient certainty and definiteness to enable the developer to know their limit and extent. [N.J.S.A. 40:55D-67a]
The principal issue presented to us is whether the Westwood Zoning Code creates sufficiently definite standards to comply with the requirements of the Municipal Land Use Law for delegation of conditional use approval to a planning board. See PRB Enterprises, Inc. v. South Brunswick, 105 N.J. 1, 8-9 (1987).
An examination of the Westwood Zoning Ordinance discloses that storage yards are a conditionally permitted use in a LM zone, storage yards must be surrounded by a six-foot fence that will block vision of their content, and the conditional use must be "reasonably necessary for the convenience of the public in the location proposed."[1] The planning board found a need existed for a storage yard and approved the conditional use subject to the fence. The issue thus comes down to a question of whether need is a sufficiently definite standard to support creation of a conditional use.
*287 The answer to this question lies in the nature of a conditional use  and when examined in that context the result comes into clear focus. A conditional use is, by definition, a use which is suitable to a zoning district but not to every location within that district. See PRB Enterprises, Inc. v. South Brunswick, supra at 8; Exxon Co., U.S.A. v. Livingston Tp. in Essex Cty., 199 N.J. Super. 470, 477 (App.Div. 1985). It is for this reason that a municipality is permitted to delegate discretion to its planning board to consider the suitability of a proposed conditional use for a particular site. See PRB Enterprises, Inc. v. South Brunswick, supra 105 N.J. at 7-8. However, the delegation must be accompanied by standards exhibiting sufficient certainty and definiteness to guide the board in the exercise of that discretion, id. at 9; and to guide developers in determining whether a proposed conditional use is suitable for a particular site. See N.J.S.A. 40:55D-67a.
In the instant case, need is the only specific standard provided to the planning board for the exercise of its discretion in considering the siting of a storage yard.[2] Such a standard is of no assistance in measuring the suitability of one site in the LM zone as opposed to any other. It does not provide physical criteria[3] but economic criteria. The defect in the ordinance is not so much that the standard is not sufficiently certain and definite but that it is a commercial standard  a consideration inappropriate to the siting of a conditional use. See Exxon Co., U.S.A. v. Livingston Tp. in Essex Cty., supra at 474-478. The zoning ordinance is intended to regulate property use, not *288 competition. It can no more limit the number of storage yards than it could limit the number of delicatessens or bakeries. Id. at 476 n. 2.
In view of the fact that we find the ordinance invalid as it relates to storage yards as conditional uses, it is unnecessary for us to consider appellant's additional contentions. We have, however, considered respondent's contention that the invalidity of the conditional use ordinance converts that use into a permitted use. We reject the argument as a non sequitur and find it to be clearly without merit. Of course, our opinion in no way affects the right of the board of adjustment to grant a variance pursuant to N.J.S.A. 40:55D-70d upon proper application.
REVERSED.
NOTES
[1] See respectively, Code Schedule of Standards; Code § 65C-87B; Code § 65C-28.
[2] The planning board clearly used need as the sole criteria. Its first findings were the existence of the need and the lack of other suitable sites. Although the ordinance has general language indicating other matters to be considered, we do not consider these to be standards but merely a reference to customery zoning desiderata which the board should keep in mind.
[3] In Exxon Co., U.S.A. v. Livingston Tp. in Essex Cty., 199 N.J. Super. 470, 477 (App.Div. 1985), for example, we point to the distance standards which are often applied to the siting of a gasoline station. Id. at 473.