898 A.2d 1054

SPRINT SPECTRUM L.P., PLAINTIFF, v. BOROUGH OF
RINGWOOD ZONING BOARD OF ADJUSTMENT AND
BOROUGH OF RINGWOOD, DEFENDANTS.

Superior Court of New Jersey
Law Division Passaic County

Decided November 22, 2005.

*Stephen J. Marshall*, attorney for plaintiff (*Alan Zublatt*, attorney).

*H. Shepard Peck, Jr.*, attorney for defendant Borough of Ringwood Zoning Bd. of Adjustment (*Muscarella Bochet Peck & Edwards, P.C.*, attorneys).

*David J. Ruitenberg*, attorney for defendant Borough of Ringwood (*Maraziti Falcon & Heal*, attorneys).

HUMPHREYS, J.A.D. (retired and temporarily assigned on recall).

Plaintiff, a telecommunication services company, leased property in Ringwood in order to erect a telecommunication tower. The property is in a commercial area in which such facilities are permitted as a conditional use.

The Ringwood Board of Adjustment denied plaintiff's application for site plan and conditional use approval. The Board relied on certain conditions set forth in Ringwood's zoning ordinance.

Plaintiff contends that three of the conditions in the zoning ordinance are invalid, namely: 1) the facility must be located on land owned or leased by the municipality; 2) the municipality must consent to the facility; and 3) the facility may not be within 500 feet of a residence or 1,000 feet of a hospital, school or public recreational facility.

The Court has considered the evidence and evaluated the credibility of the witnesses. The Court has also read the transcripts of the hearings before the Board of Adjustment.

The Court holds that the three challenged provisions are invalid. The provisions are severable and the remainder of the ordinance will stand.

## I

The basic principles regarding the validity of an ordinance were set forth in *Rumson Est. v. Mayor of Fair Haven,* 177 *N.J.* 338, 350–51, 828 *A.*2d 317, (2003) as follows:

> Most fundamental is that a zoning ordinance is 'insulated from attack' by a presumption of validity.... The party challenging the ordinance bears the burden of overcoming that presumption... Reviewing courts should not be concerned over the wisdom of an ordinance. If debatable, the ordinance should be upheld...

> Despite that circumscribed role, a court may declare an ordinance invalid if it violates the federal or state constitution, ...or if it is preempted by superior legal authority...Further, 'the validity of a land use ordinance or regulation is governed by the MLUL [Municipal Land Use Law]; in sum, it is valid if it serves the purposes of zoning, if it is not arbitrary, and if it meets all of the procedural prerequisites set forth in the statute.'

The party challenging the ordinance may overcome the presumption of validity by showing that the ordinance is "clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the [MLUL] ...." (Matter in [ ] added). *Riggs v. Twp. of Long Beach,* 109 *N.J.* 601, 609, 538 *A.*2d 808 (1988). A zoning ordinance "must advance one of the purposes of the Municipal Land Use Law as set forth in *N.J.S.A.* 40:55D–2." *Id* at 611, 538 *A.*2d 808.

■ Furthermore, the ordinance may not contravene federal law, here the Telecommunications Act of 1996, specifically 47 *U.S.C.A.* § 332(c). That section places certain restrictions on local zoning authority.

Among those restrictions are the following. The local or state regulation of the placement, construction and modification of personal wireless service facilities "shall not prohibit or have the effect of prohibiting the provision of personal wireless services." *Id.* at (c)(7)(B)(i)(II).

Further, the local or state government may not "regulate the placement, construction and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's [The Federal Communications Commission] regulations concerning such emissions." (Matter in [ ] added). *Id.* at (c)(7)(B)(iv).

The federal restrictions on local zoning boards reflect the great importance of telecommunications. As eloquently stated by Justice Pollock in *Smart SmR, Inc. v. Fairlawn Bd. of Adj.*, 152 *N.J.* 309 315, 704 *A.2d* 1271 (1997),

> Beneath the surface of this appeal stretches the tension between the need for telecommunications in an increasingly technological society and local land use control of sites for mobile communications facilities. In today's world, prompt and reliable information is essential to the public welfare. Evidencing the need for such information is the proliferation of wireless communications instruments such as mobile phones, which rely on antennas for the transmission of signals. For successful transmission, the antennas often are placed on tall structures such as buildings, towers, or, as here, monopoles. . . .
>
> In the present case, Smart's interest in constructing a mobile communications facility with a monopole in Fair Lawn conflicts with the Board's interest in controlling the size and location of the monopole. Resolution of the conflict summons an appreciation of the rights of municipalities to regulate the use of land within their boundaries, the rights of carriers to construct and use essential telecommunications facilities, and the public interest in both reasonable land use regulations and a reliable telecommunications network.

■ Thus, although municipalities "may regulate the location of mobile communications facilities, they may not altogether prohibit them from being constructed within the municipality." *Smart,*

*supra,* at 327, 704 A.2d 1271. *See also, Cell South of N.J. v. Zoning Bd. of Adj. of West Windsor Twp.,* 172 *N.J.* 75, 91, 796 A.2d 247 (2002).

## II

■ The ordinance requirement that the facility must be on land owned or leased by the municipality is plainly invalid. Plaintiff seeks to place its facility in an area in which such use is permitted. The additional requirement that the facility be on land leased or owned by the municipality is not in accord with any of the zoning purposes set forth in the MLUL. *See N.J.S.A.* 40:55D–2.

Further, the requirement suggests a revenue raising purpose. Raising revenue for a municipality is not within any of the zoning purposes in the MLUL.

■ Furthermore, the minutes of the meetings when the ordinance was adopted clearly reflect an attempt to use the requirement to further regulate and control the construction and use of such a facility through terms in the lease. As stated by the Supreme Court in *Houston Petroleum Co. v. Automotive Products Credit Ass'n.,* 9 *N.J.* 122 129, 87 *A.2d* 319 (1952), "Contracts... have no place in a zoning plan and a zoning contract between a municipality and a property owner should not enter into the enactment or enforcement of zoning regulations." *See also Warner Co. vs. Sutton,* 274 *N.J.Super.* 464, 644 *A.2d* 656 (App.Div. 1994).

The record strongly suggests that Ringwood is attempting by contract to place controls and restrictions on this facility which should not be permitted under a fair balance of the "rights of municipalities to regulate the use of land within their boundaries, the rights of carriers to construct and use essential telecommunications facilities and the public interest in both reasonable land use regulations and a reliable telecommunications network." *Smart, supra,* at 315–16, 704 A.2d 1271.

■ Further, the requirement in the present case is in practical effect a prohibition of such wireless service. Municipal property in Ringwood has only one suitable site. Ringwood, without any persuasive explanation, will not sell or lease that site to plaintiff. Hence, Ringwood has used this provision of its ordinance to do what it cannot do under federal law, i.e., prohibit plaintiff from constructing a telecommunication facility in Ringwood. *See* 47 *U.S.C.A.* 332(c)(7)(B)(i)(II).

The condition that the telecommunications facility has to be on municipal land is clearly arbitrary, capricious and unreasonable. The condition is stricken.

Ringwood agrees that if this condition is invalid, then the condition requiring consent of the municipality is also invalid.

### III

The ordinance provides that a communications facility may not be located within 500 feet of a residence or "within 1,000 feet of a hospital, school or public recreational facility."

The tower is some 700 feet from Cradles to Crayon, which the Board of Adjustment found to be a "pre-school, nursery school facility." Resolution of the Board of Adjustment denying the variance, page 17.

Ringwood argues that the proximity requirement is valid because it will preserve a "desirable visual environment" (paragraph 4 of the pre-trial order) and protect children from the dangers that a tower presents.

■ Proximity requirements must comply with the constitutional guarantees of equal protection under the law. New Jersey has upheld proximity requirements for gas stations on the ground they pose special problems not encountered by other business. *See Harvard Ent. Inc. v. Bd. of Adj. of Twp. of Madison,* 56 *N.J.* 362, 266 *A.2d* 588 (1970); but see the concurring opinion in that case recommending judicial reconsideration of proximity requirements for gas stations. *See also Exxon Co., U.S.A. v. Twp. of*

*Livingston,* 199 *N.J.Super.* 470, 489 *A.*2d 1218 (App.Div.1985), which invalidated as arbitrary a proximity requirement for a gas station. 56 *N.J.* at 369–71, 266 *A.*2d 588.

In the present case, whether a tower is 700 feet or 1,000 feet from a nursery school is of little if any significance regarding aesthetics. The same is true with respect to Ringwood's attractive nuisance argument. Moreover, safety measures can be taken which would prevent any danger to children.

Further, the minutes of council meetings at the time of the enactment of the ordinance do not suggest that preserving aesthetics or preventing attractive nuisances were factors in providing for a 1,000 foot proximity requirement.

On the contrary, what the minutes do reflect is that the municipality determined to have a proximity requirement of 1,000 feet because of public concerns about health hazards from radio frequency emissions. At a public hearing on the ordinance, a resident expressed concern about these emissions. The planner who had drafted the ordinance for Ringwood responded: "The setbacks that we show from residences and school are enormously conservative. We took the curves for the electromagnetic fields that are generated by power lines which generate far more current that these kind of transmissions and we doubled that distance."

The planner's statement taken together with testimony by the Borough Engineer at the Board of Adjustment reveal an intention to provide a 1,000 foot proximity requirement in order to protect against a public perception that the tower presents a health hazard from emissions. An ordinance based on that motivation contravenes 47 *U.S.C.A.* 332(c)(7)(B)(iv), which expressly forbids local regulation of the placement of personal wireless service facilities on the basis of the environmental effect of radio frequency emissions.

This improper motivation when coupled with the plainly invalid requirements of location on municipal land and consent of the

municipality lead this Court to believe that the municipality intended by these requirements to retain the right to prohibit such communication facilities in Ringwood. Federal law does not permit this. *See* 47 *U.S.C.A.* 332(c)(7)(B)(i)(II) and (iv).

The three conditions are arbitrary and unreasonable and violate federal law. They are stricken.

█ The Court agrees with Ringwood's position that the provisions are severable. The ordinance contains a severability clause. The remaining portions of the ordinance are clearly an "independent, self-contained" legislative scheme. The invalid conditions are, therefore, severable. *Helmsley v. Borough of Fort Lee*, 78 *N.J.* 200, 237, 394 *A.2d* 65 (1978), *appeal dismissed*, 440 *U.S.* 978, 99 *S.Ct.* 1782, 60 *L.Ed.2d* 237, *clarified* 82 *N.J.* 128, 411 *A.2d* 203.