### CORNELIUS QUACKENBUSH ET AL. v. THE STATE.

Under the act of 1888 (*Pamph. L.*, *p.* 362), it was lawful for the board of freeholders of the county of Passaic to purchase a site for a court-house without making a previous appropriation for that purpose.

---

On error to the Passaic Oyer and Terminer.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIP-PINCOTT.

For the plaintiffs in error, *Michael Dunn* and *John W. Harding.*

For the state, *William B. Gourley.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiffs in error, members of the board of chosen freeholders of the county of Passaic, were indicted and convicted for an alleged violation of the supplement to the Crimes act, approved February 7th, 1876. *Rev., p.* 1294, § 1.

The material facts charged in the indictment as constituting the offence are, that the defendants below paid $70,000 for the purchase of a court-house site; that $255,800 had been appropriated for the fiscal year commencing June 1st, 1891, and ending May 31st, 1892; that the board was, at the end

of that fiscal year, in debt in the said sum of $70,000, and, in the language of the indictment, that thereby the said defendants "did unlawfully vote for the disbursement of the public moneys, to wit, the sum of $70,000, for the purpose aforesaid, in excess of the amount so as aforesaid appropriated and limited by law."

The act of February 7th, 1876, provides "that if any member of a board of chosen freeholders in this state shall vote for the disbursement and expenditure of public moneys, or shall incur obligations in excess of the appropriation and limit of expenditure provided by law for the purposes respectively of any such board, the members thereof, and each member thereof, thus voting for the disbursement and expenditure of public moneys, or thus incurring obligations in excess of the amount appropriated and limit of expenditure, shall be guilty of a misdemeanor."

The act of 1878 (*Pamph. L.*, *p.* 248) provides that in ordering in each year the amount to be raised for county purposes, the boards of freeholders of the several counties shall declare the amount necessary to be raised for the following classes of expenditures :

1. For current expenses.
2. For payment of debt and interest.
3. For public works.

And it further provides that the whole amount appropriated shall not exceed three-quarters of one per centum of the gross valuation of taxable property in the county.

This statute must be read in connection with the aforesaid act of 1876, and it enjoins upon the board of chosen freeholders the duty, when they are proceeding to make up their tax appropriation, of determining in advance how much shall be expended for the permanent improvement of the public buildings and grounds, and when they have fixed that amount it shall thereby become appropriated for that purpose, under the act of 1876, and if they subsequently vote to expend more than they have appropriated, their action becomes criminal.

A supplement to the act of 1878 was passed April 2d, 1888 (*Pamph. L., p.* 362), which materially enlarges the powers of the boards of freeholders in respect to appropriations alleged to be unlawful in this case.

That act provides that:

"WHEREAS, The act to which this is a supplement provides that the whole amount of money appropriated, contracted or expended in any one year by any board of chosen freeholders shall not exceed three-quarters of one per centum of the gross valuation of taxable property in the county, as reported by the county board of assessors of said county for the next preceding year; *and whereas,* since the passage of said act various acts have been passed authorizing boards of chosen freeholders to incur sundry extraordinary expenditures and to issue bonds to meet the same, and doubts have arisen as to whether such expenditures may be or can be lawfully incurred or met by any such board, if the same be in addition to the annual appropriation made previous to the incurring thereof, or in excess of the aforesaid limitation of county expenditures; *and whereas,* it sometimes happens that such boards are authorized and required to erect expensive bridges, the cost of which, if paid in one year, would be too burdensome to the taxpayers of the county; therefore,

"1. *Be it enacted, &c.,* That where the boards of chosen freeholders of the several counties of this state shall be or shall have been authorized by law to purchase sites for armories or other public buildings, or to purchase toll roads and bridges or to erect public buildings, the extraordinary expenditures so authorized may be in addition to and in excess of the annual appropriations previously made by such board, and in excess of the annual limitation of county expenditures fixed by the act to which this is a supplement," &c.

The board of freeholders of Passaic county had authority to purchase lands for a court-house, and the first section of this act of 1888 expressly declares that expenditures authorized by the board for such purpose may be in addition to and

in excess of the annual appropriation previously made by the board.

The trial judge was requested to charge the jury that under the act of 1888 the board of freeholders might lawfully purchase a site for a court-house without a previous appropriation.

The refusal so to charge is assigned for error.

The plaintiffs are incriminated for doing precisely what the first section of the act of 1888 declares they may do, and unless the scope of that section is circumscribed and limited in effect by the language of the preamble of the act, no criminal conduct can be imputed to them.

In my judgment, this recital in the preamble in regard to erecting expensive bridges cannot be regarded as expressive of a legislative intent to restrict the enacting clauses of the act to expenditures for bridges. That was recited as one instance showing the propriety of enlarging the powers of the freeholders in cases of extraordinary expenditures.

It is well settled that where the intention of the legislature is clearly expressed in the purview or body of the act the preamble shall not restrain it, although it be of much narrower import. *Sedgw. Stat. & Const. L.* 43.

The preamble cannot restrict the enacting clauses except where their language is ambiguous or uncertain. *Pott. Dwar. Stat.* 267; *End. Stat.* 82; 1 *Kent* 460; *Den* v. *Dubois*, 1 *Harr.* 285, 294.

In the first section of the act of 1888 there is no ambiguity or uncertainty, and therefore its meaning cannot be cut down by reference to the preamble. The board of freeholders, in voting to purchase the court-house site, exercised the authority conferred upon them by the act of the legislature, and were guilty of no infraction of the law.

The judgment below should be reversed.