PRB ENTERPRISES, INC., PLAINTIFF-RESPONDENT, v. SOUTH BRUNSWICK PLANNING BOARD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1985—Decided November 8, 1985.

Before Judges KING, O'BRIEN and SIMPSON.

*Joseph J. Benedict* argued the cause for appellant (*Benedict & Altman*, attorneys; *Mr. Benedict* and *Carl W. Swanson*, of counsel and on the brief).

*Thomas R. Farino* argued the cause for respondent.

The opinion of the court was delivered by

O'BRIEN, J.A.D.

This zoning case involves denial of site plan approval by a planning board for a convenience store, an otherwise permitted use, because it was not "low traffic generating," as required by the preamble to the ordinance.

Defendant South Brunswick Planning Board (Planning Board) appeals from a decision of the Law Division reversing its denial of preliminary and final site plan approval to build a WAWA convenience store. We affirm reversal of the denial by the Planning Board of the application of PRB Enterprises, Inc. (PRB) for preliminary site plan approval, but reverse that portion of the final judgment which grants PRB final site plan

approval and remand to the Planning Board for consideration of such reasonable and necessary conditions as may be appropriate to the proposed use.

PRB made application for preliminary and final site plan approval to build a WAWA convenience store on premises located at the intersection of three busy public streets in an area known as "five corners." The premises are located in the C-1 district on the zoning map of the municipality, where among the permitted uses are "neighborhood retail sales of goods and services." It is conceded that the proposed convenience store comes within that description.

At issue is the preamble or "purpose" section contained in the zoning ordinance which reads as follows:

Purpose. The intent of the C-1 Zone District is to permit the delivery of low traffic generating retail and professional services, which directly benefit the residents of the surrounding neighborhood. The determination of the type of activity conducted on any piece of property in this Zone District must be based on traffic, site planning and land use considerations, especially in established village centers and the Route 27 corridor.

After extensive hearings the Planning Board concluded that the proposed WAWA store was not "low traffic generating" and denied site plan approval. PRB filed an action in lieu of prerogative writs in the Law Division to review that denial. The trial judge rendered an oral opinion on August 15, 1984 and, because of newspaper comments, clarified his opinion by letter of August 22, 1984. The trial judge specifically disclaimed that he had held the ordinance unconstitutional. Rather, he said: "The essence of my ruling was that the ordinance was misapplied." A final judgment was entered on August 24, 1984 which ordered:

... that judgment is hereby entered in favor of the plaintiff and against the defendant reversing the decision of the defendant PLANNING BOARD, and granting to plaintiff, PRB ENTERPRISES, INC. preliminary and final site plan approval to permit the construction of a WAWA convenience store on Lot 39, Block 31, Township of South Brunswick.

The Planning Board appeals from that ruling.

It is difficult to follow the trial judge's reasoning. The judge concluded that a planning board may only consider

site plan approval for a permitted use, and by its decision the Planning Board determined that the proposed WAWA convenience store was not a permitted use because it was not "low traffic generating." We agree with both of those conclusions by the trial judge. We further agree that a determination that the proposed use was not permitted results in the need for a use variance, which is not within the jurisdiction of the Planning Board. *See N.J.S.A.* 40:55D–60. However, we fail to perceive how the ordinance was "misapplied" as concluded by the trial judge. We conceive that the Planning Board attempted to apply the ordinance as it is written but that the ordinance improperly delegated to the Planning Board the determination of a permitted use in the zone based upon a finding as to the generation of traffic. PRB's expert agreed that the proposed use was not "low traffic generating" but contended that none of the permitted uses would come within that description.

The problem is created because of the language of the "purpose" section in the ordinance. In an effort to establish a type of permitted use for the zone, the governing body has characterized that permitted use as "low traffic generating" without providing any standards as to the meaning of that term. The extensive testimony before the Planning Board in this case reflects the result of such imprecision in a zoning ordinance. While proposed uses may be identified by qualifying labels, *i.e.,* "neighborhood" retail sales of goods and services, "low traffic generating" is an elusive concept without standards to identify its meaning.

An ordinance requiring site plan review and approval "shall include and shall be limited to ... standards and requirements relating to: "... b. safe and efficient vehicular and pedestrian circulation, parking and loading." *N.J.S.A.* 40:55D–41b. In *Lionel's Appliance Center, Inc. v. Citta,* 156 *N.J.Super.* 257 (Law Div.1978), the Law Division judge concluded that *N.J.S.A.* 40:55D–41 contains no "provision ... that would vest in the planning board the power to deny a site plan because of the intensity of vehicular traffic on adjoining roadways or in other

parts of the municipality." *Id.* at 269. We approved that analysis in *Dunkin' Donuts of N.J. v. Tp. of North Brunswick,* 193 *N.J.Super.* 513 (App.Div.1984), where we concluded:

> But the authority to prohibit or limit uses generating traffic into already congested streets or streets with a high rate of accidents is an exercise of the zoning power vested in the municipal governing body. *N.J.S.A.* 40:55D–2, 62. [at 515]

Furthermore, the restriction of permitted uses to those that are "low traffic generating" is not contained within the "uses permitted" section of the ordinance, but rather is contained in a preamble (labeled in the ordinance as "Purpose"). Where a statute or ordinance is clear on its face "the courts are not free to give it a restrictive meaning based upon an introductory statement." *Newark v. Fischer,* 8 *N.J.* 191, 196 (1951). It is a settled principle of law that the preamble cannot control the enacting part of a statute or ordinance in cases where the enacting part is expressed in clear, unambiguous terms. *See Quackenbush v. State,* 57 *N.J.L.* 18, 21 (Sup.Ct.1894). The preamble can neither limit nor extend the meaning of a statute which is clear. *See Sutherland, Statutory Construction,* § 47.04, at 127–128 (4th Ed.). If the municipality intended to limit permitted uses in the C–1 zone district to "low traffic generating retail and professional services which directly benefit the residents of the surrounding neighborhood," this limitation should be contained in the enacting portion of the ordinance and not in a preamble and should set forth sufficient standards for ready application and define its terms.

In a supplemental memorandum reporting the result of computer research on the issue, the Planning Board suggests that in reality the governing body created a conditional use in the C–1 zone as permitted by *N.J.S.A.* 40:55D–67. A conditional use is defined in *N.J.S.A.* 40:55D–3 as:

> 'Conditional use' means a use permitted in a particular zoning district only upon a showing that such use in a specified location will comply with the conditions and standards for the location or operation of such use as contained in the zoning ordinance, and upon the issuance of an authorization therefor by the planning board.

In *Urban Farms, Inc. v. Franklin Lakes,* 179 *N.J.Super.* 203 (App.Div.1981), we said of a conditional use:

It is, moreover, a use which the municipality recognizes as not incompatible with the uses in the zone otherwise permitted but at the same time one which is not necessarily suitable everywhere in the district. [at 211]

Perhaps the governing body could have created "low traffic generating retail and professional services, which directly benefit the residents of the surrounding area" as conditional uses in the C–1 zone, but in fact it did not. Even if it had, the Municipal Land Use Law requires that the ordinance provide that such conditional uses be granted by the Planning Board "... according to definite specifications and standards which shall be clearly set forth with sufficient certainty and definiteness to enable the developer to know their limit and extent." *See N.J.S.A.* 40:55D–67.

While approval of site plans may be delegated by the governing body to the Planning Board, *N.J.S.A.* 40:55D–37, the zoning power may not. *N.J.S.A.* 40:55D–62. Local governments have power to zone only through legislative delegation of the state's police power. *See Lusardi v. Curtis Point Prop. Owners Ass'n,* 86 *N.J.* 217, 226 (1981). Under the scheme of the Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.,* the role of the Planning Board is advisory but the power to zone is vested in the governing body. That body even has the power to adopt a zoning ordinance inconsistent with or not designed to effectuate the land use plan element of a master plan adopted by a planning board upon the affirmative vote of a majority of the full authorized membership of the governing body, provided the reasons for so acting are recorded in its minutes. *N.J.S.A.* 40:55D–62.

Therefore we hold that the "purpose" section contained in the zoning ordinance for the C–1 zone district may not be considered in determining the permitted uses in the zone district. Hence the use proposed by PRB is a permitted use in the C–1 zone district, and preliminary site plan approval must be given by the Planning Board pursuant to *N.J.S.A.* 40:55D–46b.

 However, the statute authorizes the governing body to condition approval of site plans, such as requiring a developer to pay his pro rata share of the costs of providing necessary street improvements necessitated by the land development. *See N.J.S.A.* 40:55D–39a and 40:55D–42. An ordinance requiring site plan approval must include and be limited to standards and requirements relating to safe and efficient vehicular and pedestrian circulation, parking and loading. *N.J.S.A* 40:55D–41b. Although it has been held that site plan approval cannot be denied because of the intensity of vehicular traffic on adjoining roadways, *Lionel's Appliance Center, Inc. v. Citta, supra,* and *Dunkin' Donuts of N.J. v. Tp. of North Brunswick, supra,* the Planning Board has the power to impose "such reasonable and necessary conditions as are appropriate to the proposed use ... in accordance with its statutory site plan review function." *See STC Corp. v. Planning Bd. of Tp. of Hillsborough,* 194 *N.J.Super.* 333, 335 (App.Div.1984). In reviewing a preliminary site plan the Planning Board may require amendment in the layout of improvements proposed by the developer that have been the subject of a hearing. *See N.J. S.A.* 40:55D–46b. The Planning Board can condition preliminary site plan approval upon the developer making such changes in his plan as will best address safe and efficient vehicular and pedestrian circulation, parking and loading. *N.J. S.A.* 40:55D–50a. In imposing such conditions the Planning Board may take into consideration the effect of the proposed development on existing off-site traffic conditions.

 The final judgment of the Law Division granting preliminary site plan approval to PRB, to permit construction of a WAWA convenience store on the premises in question, is affirmed, subject to such reasonable conditions as may be imposed by the Planning Board on the remand hereinafter ordered. The final judgment granting final site plan approval is reversed and remanded to the Planning Board for the imposition of such reasonable conditions as permitted by statute and the zoning ordinance, to regulate the safe and efficient vehic-

ular and pedestrian circulation, parking and loading on the premises, including the pro rata share of any necessary street improvements as permitted by *N.J.S.A.* 40:55D–42, if contained in the zoning ordinance. Final approval of the site plan shall be subject to the provisions of *N.J.S.A.* 40:55D–50. We do not retain jurisdiction.