PRB ENTERPRISES, INC., PLAINTIFF-RESPONDENT, v. SOUTH
BRUNSWICK PLANNING BOARD, DEFENDANT-APPELLANT.

Argued September 8, 1986—Decided January 8, 1987.

*Joseph J. Benedict* argued the cause for appellant (*Benedict and Altman,* attorneys).

*Thomas R. Farino, Jr.*, argued the cause for respondent.

*Thomas J. Cafferty* submitted a brief on behalf of *amici curiae* Township of North Brunswick and Franklin Township (*McGimpsey & Cafferty*, attorneys).

The opinion of the Court was delivered by

STEIN, J.

In this case we consider the validity of a zoning ordinance that purports to authorize a municipal planning board to deny site plan approval for an otherwise permitted use on the basis of the volume of traffic the use is likely to generate. The Appellate Division, observing that the language relied on by the Planning Board was contained in a section of the ordinance entitled "Purpose," concluded that this section was a preamble that improperly delegated zoning authority to the Board. The court declined to give effect to the Purpose clause, and ordered the Board to grant site plan approval. *PRB Enterprises, Inc. v. South Brunswick Planning Bd.*, 205 *N.J.Super.* 225 (App. Div.1985). We now affirm the judgment of the Appellate Division.

I

In February 1983, PRB Enterprises, Inc. (PRB) applied to the Planning Board of South Brunswick for preliminary and final site plan approval for a convenience food store in an area of the town known as "Five Corners." The proposed use for the site was to be a WAWA food store, described by a witness as "a delicatessen oriented, supermarket-type of business, very large product line, geared to the adult community, [and] not to the high margin type of turnover * * *."

The proposed site was located in a C–1 zone, in which permitted uses included "neighborhood retail sales of goods and services."[1] The section of the zoning ordinance that regulated

---

[1] The zoning ordinance lists the following permitted and conditional uses:

uses in the C–1 zone contained an introductory paragraph, labelled "Purpose," which provided:

> The intent of the C–1 Zone District is to permit the delivery of *low traffic generating retail and professional services* which directly benefit the residents of the surrounding neighborhood. The determination of the type of activity conducted on any piece of property in this zone district must be based on traffic, site planning and land use considerations, especially in established village centers and the Route 27 corridor. [Emphasis supplied.]

According to testimony at the Board's hearings, this language was intended to limit commercial uses to those that would not significantly add to traffic congestion at the Five Corners intersection.

PRB's application was considered by the Planning Board during six public hearings held between June and December, 1983. Testimony at the hearings focused on the potential impact of the proposed use on traffic at the intersection. PRB's witnesses testified that the use would have little effect on the existing level of traffic. The Township's Planner and Engineer testified that the proposed use would generate high levels of traffic, and that site plan approval should be denied although the proposed use was among those permitted by the ordinance. The Board denied PRB's application.

The Law Division reversed the decision of the Board, and granted PRB preliminary and final site plan approval with respect to the proposed use. The Appellate Division affirmed

---

USES PERMITTED:

1. Neighborhood retail sales of goods and services

2. Professional offices for physicians, dentists, attorneys, certified public accountants, real estate insurance brokers and similar professions

3. Restaurants and package liquor stores, if they do not directly about [*sic*] a residential zone district.

USES PERMITTED AS A CONDITIONAL USE SUBJECT TO PLANNING BOARD APPROVAL, UNDER N.J.S.A. 40:55D–67:

1. Community buildings, clubs and activities of a quasi-public, social or fraternal character

2. Single family, semi-attached dwellings

3. Mixed commercial and residential adaptive reuse of existing buildings.

the trial court's grant of preliminary site plan approval, but reversed the grant of final site plan approval, remanding the case to the Planning Board for consideration of such conditions as might be appropriate before rendering final approval. *PRB Enterprises, Inc. v. South Brunswick Planning Bd.*, *supra*, 205 *N.J.Super.* at 232–33. The court determined that the Purpose clause was a preamble that would not be given effect because it conflicted with the "clear, unambiguous terms" of the body of the ordinance. *Id.* at 230. The court also concluded that the Board's denial of site plan approval on the ground that the proposed use would generate excessive traffic was an impermissible exercise of the zoning power. *Id.* at 231.

## II

In determining the propriety of the Board's actions, and the validity of the Purpose clause on which it relied, we first consider the characterization of the Purpose clause as a preamble.[2]  According to traditional rules of statutory construction, the body of a statute consists of all that material following the enacting clause, *see* 1A Sutherland, *Statutory Construction* § 20.07 (4th ed.), while the preamble consists of statements that precede the enacting clause, *see* 2A *id.* § 47.04 (4th ed.).  Generally, a preamble consists of statements "giv[ing] reasons for the operative provisions which follow." *Id.*  As a "time-honored legislative prefatory device explanatory of the reasons for [a] law," a preamble typically sets out the conditions prompting a piece of legislation, as well as the law's intended results. *Jamouneau v. Harner*, 16 *N.J.* 500, 516 (1954), *cert.* denied, 349 *U.S.* 904, 75 *S.Ct.* 580, 99 *L.Ed.* 1241 (1955); *Affiliated Distillers Brands Corp. v. Sills*, 106 *N.J.Super.* 458, 463–64 (Ch.Div. 1969), modified, 56 *N.J.* 251 (1970), amended, 60 *N.J.* 342 (1972). Ordinarily, the contents of the preamble are not given substantive effect, particularly where the enacting portion of the

---

[2]We note that this issue was neither briefed nor argued before the Appellate Division.

ordinance is expressed in clear and unambiguous terms. *Blackman v. Isles,* 4 *N.J.* 82, 91 (1950); *Quackenbush v. State,* 57 *N.J.L.* 18, 21 (Sup.Ct.1894); *accord* 2A Sutherland, *Statutory Construction* § 47.04 (4th ed.).

■ Our review of the Purpose clause at issue in this case indicates that its function is different from that of a preamble. Its location in the ordinance is substantially after the enacting clause. Although it generally describes the intended effect of the zoning regulations in the C–1 district, its primary function is to attempt to limit the uses permitted in the district, and to mandate the factors to be considered by the Planning Board in determining whether a use is permitted. In our view, the Purpose clause was intended to be a part of the body of the ordinance, and should be so construed.

■ Nevertheless, we agree with the Appellate Division that the restrictions contained in the Purpose clause are unenforceable. We note that the testimony offered at the site plan approval hearings demonstrates that the limiting language in the clause created uncertainty as to whether the proposed use, although literally permitted by the ordinance, had been converted to a prohibited use by the requirement that it be "low traffic generating." The Township's witnesses testified that the convenience store was a "medium traffic generator," and was therefore prohibited. PRB's witnesses argued that no commercial use could conform to the "low traffic generating" requirement. The Planning Board concluded that the proposed use would be a "high traffic generator," and was therefore prohibited by the ordinance. We concur with the Appellate Division that the testimony of both the Township's and the applicant's witnesses, as well as the Planning Board's resolution of denial, "reflects the result of * * * imprecision in a zoning ordinance."

*PRB Enterprises, Inc. v. South Brunswick Planning Bd.,*
*supra,* 205 *N.J.Super.* at 229.[3]

The principle defect in the ordinance is that the Purpose clause diverts to the Planning Board the power to determine whether or not certain uses are permitted in the C–1 zone. This delegation of authority is inconsistent with the Municipal Land Use Law, *N.J.S.A.* 40:55D–1 to –112, which reserves to the governing body the power to enact zoning ordinances, *N.J.S.A.* 40:55D–62, including the exclusive power to determine the permitted uses of land in the various districts established by the ordinances. *N.J.S.A.* 40:55D–65. Where a use is not permitted by the zoning ordinance, the statutory scheme permits applicants to seek use variances from the board of adjustment. *N.J.S.A.* 40:55D–70d. The role of the planning board, with respect to permitted commercial or industrial uses, is the grant or denial of site plan approval. *N.J.S.A.* 40:55D–37.[4] Although site plan review affords a planning board wide discretion to insure compliance with the objectives and requirements of the site plan ordinance, *see Kozesnik v. Township of Montgomery,* 24 *N.J.* 154, 186 (1957), it "was never intended to include the legislative or quasi-judicial power to prohibit a permitted use." *Lionel's Center, Inc. v. Citta,* 156 *N.J.Super.* 257, 264 (Law Div.1978).

The Municipal Land Use Law does grant limited authority to a municipality to delegate to its planning board discretion to consider the suitability of a permitted use for particular sites.

---

[3]Certain generic terms such as "retail," "professional," and "light industrial" have commonly-accepted meanings and, when used in zoning ordinances, do not ordinarily require the exercise of discretion by planning boards in determining whether or not a use is permitted. We express no criticism of the use of such terms in zoning ordinances, whether defined or not, where their meaning is generally understood.

[4]The Land Use Law confers on the board of adjustment the power to approve site plans in connection with the board's review of applications for use variances. *N.J.S.A.* 40:55D–37a, –76b.

The statute permits a governing body, through the mechanism of the conditional use, to designate uses that are permitted within a zone, and to confer on the planning board the power to determine the sites on which those uses may be developed. *N.J.S.A.* 40:55D–67. The conditional use constitutes a legislative recognition that certain types of uses, while generally desirable, are not suitable for every location within the district, and that it is sometimes difficult to deal with the special problems inherent in such uses through the zoning ordinance. *See Urban Farms, Inc. v. Borough of Franklin Lakes,* 179 *N.J.Super.* 203, 211 (App.Div.), certif. denied, 87 *N.J.* 428 (1981). *See generally* 3 A. Rathkopf & D. Rathkopf, *Law of Zoning and Planning* § 41.01 (4th ed. 1986) (discussing the nature and purpose of the conditional use).

▆▆ In reviewing conditional use applications, the planning board may deny approval if the application fails to conform to the standards and specifications contained in the ordinance. The ordinance may properly include on-site and off-site traffic considerations among the criteria to be weighed by the planning board. *Exxon Co., U.S.A. v. Township of Livingston,* 199 *N.J.Super.* 470, 477 (App.Div.1985). However, the Land Use Law specifically requires the establishment of standards exhibiting "sufficient certainty and definiteness" as a prerequisite to the Board's valid exercise of its discretionary powers under *N.J.S.A.* 40:55D–67.

The Planning Board argues that we should construe this ordinance as classifying neighborhood retail stores as a "conditional use" in the C–1 zone, and that we should therefore give effect to the "low traffic generating" requirement as the condition that must be satisfied for the use to be permitted. One flaw in this argument is that the zoning ordinance explicitly describes certain other uses in the C–1 zone as "Uses Permitted as a Conditional Use Subject to Planning Board Approval, under *N.J.S.A.* 40:55D–67," *supra* at 4 n. 1, clearly reflecting the governing body's determination that a neighborhood

retail store was not intended to be designated as a conditional use.

A more fundamental obstacle to the construction urged by appellant is that this ordinance does not contain "definite specifications and standards * * * set forth with sufficient certainty and definiteness," *N.J.S.A.* 40:55D–67, that would provide the guidance contemplated by the statute to govern the Planning Board's discretionary authority over conditional uses. The phrase "low traffic generating," on the basis of which the board asserts conditional use authority, is undefined. Moreover, neither the Purpose clause nor the body of the ordinance sets forth any objective standards by which traffic generation can be measured, classified, and applied to each proposed use in a consistent manner. The lack of definite standards in this ordinance compels the conclusion that it does not comply with the requirements established in the Municipal Land Use Law for delegation of conditional use approval to a planning board.

Since the ordinance cannot be construed as establishing neighborhood retail stores as a conditional use in the zone, it is evident that the municipality has impermissibly delegated its zoning authority to the Planning Board. The undefined requirement that uses be "low traffic generating" effectively allowed the Board to grant or deny approval based on its subjective evaluation of a use's impact on traffic congestion in the Five Corners neighborhood. If the governing body intended to vest discretion in the Planning Board to approve or disapprove a particular use within the district, it could do so only by classifying it as a conditional use and enacting clear and ascertainable standards to guide the exercise of the Board's discretion. Otherwise, the power to exclude a category of uses based on traffic considerations remains an incident of the zoning power exercisable only by the governing body. Accordingly, we agree with the Appellate Division that the Purpose clause was an improper delegation of the zoning power to the Planning Board.

In view of our conclusion that the Purpose clause was invalid, the Planning Board was without power to deny site plan approval. On remand, the Board may impose appropriate conditions, consistent with the ordinance, in conjunction with the grant of final site plan approval. We therefore affirm the judgment of the Appellate Division.

*For affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed* —None.