**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1490-20

15 HIGH STREET, LLC,

      Plaintiff-Respondent,

v.

BOROUGH OF HELMETTA
PLANNING BOARD (acting as
a Zoning Board of Adjustment),

      Defendant-Appellant.

_____

Argued February 28, 2022 – Decided March 10, 2022

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0419-20.

James J. Kinneally, III argued the cause for appellant (Marriott Callahan & Blair, PC, attorneys; James J. Kinneally, III, on the brief).

Thomas W. Barlow argued the cause for respondent (Lombardi & Lombardi, PA, attorneys; Thomas W. Barlow, of counsel and on the brief).

PER CURIAM

Defendant Helmetta Planning Board, acting as the municipality's zoning board of adjustment (Board), appeals from a December 30, 2020 order reversing its denial of a development application filed by plaintiff 15 High Street, LLC and remanding for the Board to approve the application with all requested variances subject to reasonable conditions. We affirm.

We briefly summarize the facts taken from the comprehensive and detailed written decision by Judge Thomas D. McCloskey. Plaintiff filed an application to develop seventy age-restricted apartments in the Borough of Helmetta. Plaintiff's application requested variances, specifically use, density, and bulk variances, as well as preliminary and final site plan approval for the project. The Board held public hearings on October 19, 2019, and November 13, 2019. Plaintiff presented extensive expert testimony in support of its application from licensed professionals, including an engineer, architect, traffic consultant, and planner. The Board presented no contrary expert testimony from its own professional staff or other licensed professionals regarding any aspects of plaintiff's application with the exception of a review letter from the Borough's engineer. The review letter took no position on the approval of plaintiff's application. During the public hearings, Board members and residents expressed opinions and concerns regarding plaintiff's application.

The Board denied plaintiff's application in a nine-page written resolution adopted on January 8, 2020. The Board found plaintiff failed to meet its burden of proof for a use variance as to the negative criteria under <u>Sica v. Bd. of Adjustment</u>, 127 N.J. 152 (1992), and failed to submit sufficient evidence in support of the other variances.

Plaintiff filed a complaint in lieu of prerogative writs seeking reversal of the Board's denial and requesting approval of its development application. The Board filed an answer and separate defenses. Judge McCloskey conducted a trial on October 26, 2020 and reserved decision. After considering the hearing transcripts, documentary evidence, briefs, and arguments of counsel, the judge reversed and vacated the Board's denial of plaintiff's application. He found the Board's denial of plaintiff's application was arbitrary, capricious, and unreasonable and the record lacked sufficient evidence for the denial.

On December 30, 2020, the judge entered an "order for judgment and other related relief" and issued a comprehensive forty-two-page written decision. The judge directed the Board to adopt a resolution approving plaintiff's application as submitted, granting the requested use, density, and bulk variances, and granting preliminary and final site plan approval for the project. The judge

3

expressly stated the Board could only require reasonable conditions as part of its resolution approving plaintiff's application.

On appeal, the Board argues the judge erred in reversing its denial of plaintiff's application and improperly substituted his judgment in approving the project. We disagree for the detailed reasons stated by Judge McCloskey in his thorough and comprehensive written decision. We add only the following comments.

Our review of an action in lieu of prerogative writs challenging the decision of a municipal body follows the same standard as the trial court in determining whether the municipal body acted "arbitrarily, capriciously, or unreasonably." Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013); see also Cohen v. Bd. of Adjustment of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007). We will not disturb a board's decision absent a "clear abuse of discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). Nor will we overturn a board's decision where there is adequate evidence supporting the decision. Burbridge v. Twp. of Mine Hill, 117 N.J. 376, 385 (1990).

A Board's resolution "must contain sufficient findings, based on the proofs submitted, to satisfy a reviewing court that the board has analyzed the applicant's variance request in accordance with the statute and in light of the

4

municipality's master plan and zoning ordinances." N.Y. SMSA, Ltd. P'ship v. Bd. of Adjustment of Weehawken, 370 N.J. Super. 319, 333 (App. Div. 2004). We have rejected as deficient memorializing resolutions that "summarize[d], in a very cursory fashion, the testimony presented by [the applicant's] witnesses, and reiterate[d] selected comments by Board members and the public." Ibid. "[S]tatements of individual Planning Board members, 'represent informal verbalizations of the speaker's transitory thoughts, they cannot be equated to deliberative findings of fact . . . . '" Rocky Hill Citizens for Responsible Growth v. Plan. Bd. of Rocky Hill, 406 N.J. Super. 384, 413 (App. Div. 2009) (quoting N.Y. SMSA, 370 N.J. Super. at 334).

Although a zoning board may reject an applicant's expert testimony, it must do so in reliance on contrary expert testimony rather than "bare allegations or unsubstantiated beliefs." N.Y. SMSA, 370 N.J. Super. at 338 (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor, 172 N.J. 75, 87 (2002)). A resolution relying on comments and concerns from board members or local residents will not satisfy a board's obligation to ground its decision on evidence presented during a hearing. Cell S. of N.J., Inc., 172 N.J. at 88 (holding a board's decision must be "root[ed] . . . in substantiated proofs rather than unsupported allegations."). A board's reliance upon non-expert

5

testimony from its members or concerns voiced by residents rather than qualified expert testimony to prove the adverse effects associated with a requested variance renders a board's decision arbitrary, capricious, and unreasonable. Ibid

Here, the judge concluded that "[w]hile a board may reject expert testimony, it may not do so unreasonably, based only upon bare allegations or unsubstantiated beliefs." Judge McCloskey found the Board failed to present any contrary expert testimony to rebut or challenge plaintiff's experts' testimony. He held "[b]y giving short-shrift to the [p]laintiff's experts' unrebutted testimony here, the Board in voting to deny the [a]pplication ignored the greater weight of the evidence in the record that supported a grant." As a result, Judge McCloskey determined denial of plaintiff's application was arbitrary, capricious, unreasonable, and improperly based on "the veiled or even expressed whims of the Board" rather than substantial evidence in the record. The judge stated, "the record . . . is bereft of substantial evidence to support what was set forth in the Board's Resolution here and despite what it purported to detail otherwise."

Based on our review of the record, the Board's decision is not entitled to any deference because the denial of plaintiff's application was arbitrary, capricious, and unreasonable. Throughout the public hearings, plaintiff offered

6

to revise its development application consistent with reasonable and appropriate conditions suggested by the Board members or the Board's professional staff. Despite plaintiff's offer, the Board offered no conditions "that might address the public concerns for the development" to support approval of the application. See PRB Enters. v. S. Brunswick Plan. Bd., 105 N.J. 1, 10 (1987) (holding a planning board may impose appropriate conditions in conjunction with the grant of final site plan approval). We are satisfied the Board abused its discretion by declining to respond to plaintiff's offers to revise its development plan in response to the concerns raised by the Board and members of the public.

We affirm for the thorough reasons stated in Judge McCloskey's written decision. We conclude the Board's arguments are without sufficient merit to warrant further discussion beyond our brief comments. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1490-20