**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5282-17T3

AMEE @ 46, LLC,

     Plaintiff-Appellant,

v.

TOWNSHIP OF DENVILLE and
PLANNING BOARD OF THE
TOWNSHIP OF DENVILLE,

     Defendants-Respondents.

_____

          Argued May 30, 2019 – Decided June 25, 2019

          Before Judges Koblitz, Currier and Mayer.

          On appeal from the Superior Court of New Jersey, Law
          Division, Morris County, Docket No. L-2362-17.

          Allen Hantman argued the cause for appellant.

          Edward J. Buzak argued the cause for respondents (The
          Buzak Law Group, LLC, attorneys; Edward J. Buzak
          and Susan Liu Crawford, on the brief).

PER CURIAM

Plaintiff AMEE @ 46, LLC appeals from a June 12, 2018 order granting partial summary judgment in favor of defendants Planning Board of the Township of Denville (Board) and Township of Denville (Township) (collectively, defendants) and remanding plaintiff's development application to the Board. We affirm.

Plaintiff submitted an application to the Board for preliminary and final site plan approval to expand parking at its existing Dunkin Donuts franchise. Plaintiff owns three lots in the Township. At the present time, two of plaintiff's lots, located in the Township's business zone, are developed.[1] Plaintiff's third lot, located in the Township's residential zone, is vacant. Plaintiff submitted an application to develop the vacant lot for additional parking.

Because plaintiff sought to expand a non-residential parking lot in a residential zone, plaintiff required a conditional use variance.[2] Section 19-5.801

---

[1] The Dunkin Donuts building and associated parking occupy the developed lots.

[2] A conditional use is one that is "permitted in a particular zoning district only upon a showing that such use . . . will comply with the conditions and standards for the location or operation of such use as contained in the zoning ordinance, and upon the issuance of an authorization therefor by the planning board." N.J.S.A. 40:55D-3.

of the Denville Township Code (Ordinance) governs conditional use variances. The Ordinance provides:

> Nonresidential parking areas are permitted in residential zones as a conditional use provided:
>
> > a. The parking area extends continuously from a nonresidential zone.
> >
> > b. Ingress and egress are from the nonresidential zone only.
> >
> > c. The provisions of Subsection 19-5.803 are complied with.
> >
> > d. The Planning Board ascertains that such use is reasonably necessary for the convenience of the community and will not be detrimental to the health, safety or general welfare of the community or of the surrounding property.
>
> [Denville, N.J., Code § 19-5.801 (1977).]

The Township's zoning code also includes "severability" provisions. The severability clauses provide that in the event a section of an ordinance is invalid for any reason, the invalidated portion of the ordinance shall not affect the remaining portion of the ordinance.

There were two public hearings on plaintiff's application. The Board heard testimony from plaintiff's experts and considered comments from the public regarding the application. The application was also reviewed by the Township planner, Township engineer, and other Township departments.

3

After considering the testimony, the Board denied the application based on subsection (d) of the Ordinance, finding expansion of the existing Dunkin Donuts parking lot was not reasonably necessary for the convenience of the community and could not be accomplished without being detrimental to the health, safety, and general welfare of the community and the surrounding properties. The Board reasoned street parking was available to accommodate Dunkin Donuts customers during peak hours. The Board also found "nothing in the record to indicate that the current activity and the current accommodation of the lack of parking for any particular period of time created a safety or otherwise dangerous condition."

Plaintiff filed a complaint in lieu of prerogative writs, alleging the Board's decision was arbitrary and capricious. In addition, plaintiff claimed that subsection (d) of the Ordinance was invalid because it was contrary to the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163.

After filing its complaint, plaintiff moved for summary judgment, requesting the court declare: (1) subsection (d) of the Ordinance invalid; (2) the Board's decision to deny plaintiff's application based on subsection (d) of the Ordinance erroneous; and (3) "[t]hat the site plan . . . with noted variances be . . . approved."

A-5282-17T3

Plaintiff argued the Ordinance was invalid because it did not provide sufficient specificity pursuant to N.J.S.A. 45:55D-67(a). In accordance with N.J.S.A. 40:55D-67(a), "[a] zoning ordinance may provide for conditional uses to be granted by the planning board according to definite specifications and standards which shall be clearly set forth with sufficient certainty and definiteness to enable the developer to know their limit and extent."

Defendants cross-moved for summary judgment, asserting plaintiff had not exhausted its administrative remedies and could seek a use variance from the Township's Board of Adjustment. Alternatively, in the event the trial court found subsection (d) of the Ordinance invalid, defendants argued the entire Ordinance should be declared invalid.

The trial judge heard argument on the summary judgment motions. In a June 12, 2018 order and written decision, the judge partially granted plaintiff's motion, declaring subsection (d) of the Ordinance invalid because it failed to provide specific standards to be applied by the Board when reviewing a conditional use variance application. The judge concluded that where a municipality's conditional use ordinance requires satisfaction of the negative

criteria,[3] similar to the criteria in subsection (d) of the Ordinance, the ordinance should be declared void for vagueness. The judge found a developer must be apprised of the standards for proceeding with a conditional use application so the developer is able to satisfy the ordinance's conditions. Because subsection (d) of the Ordinance failed to provide the required "definite specifications and standards" consistent with N.J.S.A. 40:55D-67(a), the judge held that subsection was "too vague in derogation of the MLUL" and "must be voided."

Having found subsection (d) of the Ordinance was void, the judge determined the Board's reliance on the void provision in denying plaintiff's application was arbitrary and capricious. The judge remanded the application to the Board.[4]

In addition, the judge partially granted defendants' cross-motion, declaring the Ordinance invalid in its entirety. The judge concluded that

---

[3] See Lincoln Heights v. Cranford Planning Bd., 314 N.J. Super 366, 386 (Law Div. 1998), aff'd o.b., 321 N.J. Super. 355 (App. Div. 1999) ("These requirements are similar to the negative criteria (variance can only be granted if it would be without substantial detriment to the public good and that it would not substantially impair the interest and purpose of the zone plan and zoning ordinance) that must be met by an applicant for a variance under N.J.S.A. 40:55D-70.").

[4] Defendants advised that the Township repealed the Ordinance on September 18, 2018.

subsection (d) of the Ordinance could not be excised without causing detriment to the intent and the purpose of the Ordinance as a whole.

The judge determined the severed portion of the Ordinance was not independent such that the remaining portions of the Ordinance "form[ed] a complete act within itself." He also noted that the four subsections of the Ordinance remained unchanged since 1988, supporting his conclusion that the Ordinance must be considered in its entirety to effectuate its intent and purpose. The judge also considered that the Township's re-examination of the municipality's master plan and ordinances in 1993, 2000, 2006, and 2013 "made no changes whatsoever to the conditional use ordinance . . . despite the clear language of the Appellate Division's Lincoln Heights decision striking language . . . which similarly imposed a negative criteria as part of the conditional use factors." The judge further explained that severing subsection (d) of the Ordinance would create "a conditional use loophole not subject to review by any [b]oard . . . ." He concluded that striking only subsection (d) of the Ordinance "would be to deviate from the intent of the [O]rdinance as a whole."

On appeal, plaintiff contends the judge erred in declaring the Ordinance invalid in its entirety. Plaintiff reiterates the same arguments presented to the trial court.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"[C]onditional use clauses in a zoning ordinance must have clarity and specificity." Meszaros v. Planning Bd. of the City of S. Amboy, 371 N.J. Super. 134, 148 (App. Div. 2004). If an ordinance does not contain "definite specifications and standards" consistent with N.J.S.A. 40:55D-67(a), "the ordinance is 'void' and therefore does not confer authority upon the board to approve" variances under the ordinance. Jackson Holdings, LLC v. Jackson Twp. Planning Bd., 414 N.J. Super. 342, 349–50 (App. Div. 2010) (citing Meszaros, 371 N.J. Super. at 149).

Here, subsection (d) of the Ordinance required the Board to ascertain whether plaintiff's proposed parking lot was "reasonably necessary for the convenience of the community and [would] not be detrimental to the health,

safety or general welfare of the community or the surrounding property." However, subsection (d) of the Ordinance lacked "definite specifications and standards" consistent with N.J.S.A. 40:55D-67(a) to enable plaintiff to know the limit and extent of the Ordinance's provisions to satisfy the conditional use requirement. Therefore, subsection (d) of the ordinance is void, and the Board's denial of plaintiff's application based on the void provision was arbitrary and capricious.

We next consider plaintiff's argument that the judge erred in finding the Ordinance invalid in its entirety and, instead, should have severed subsection (d) from the remainder of the Ordinance. In determining the validity of a section of an ordinance, courts must "determine whether that [section] can be severed from the remainder of the statute" without eviscerating the entirety of the enactment. Affiliated Distillers Brands Corp. v. Sills, 56 N.J. 251, 264–65 (1970); Inganamort v. Borough of Fort Lee, 72 N.J. 412, 422 (1977). The severability of an ordinance is a question of legislative intent. Affiliated Distillers, 56 N.J. at 265 (citing Angermeier v. Borough of Sea Girt, 27 N.J. 298, 311 (1958)).

A court must interpret the ordinance and its legislative history to determine "whether the particular provision is so interwoven with the invalid

clauses as that it cannot stand alone." Inganamort, 72 N.J. at 422 (quoting State v. Lanza, 27 N.J. 516, 527-28 (1958)). A reviewing court may "enforce severability where the invalid portion is independent and the remaining portion forms a complete act within itself." United Prop. Owners Ass'n of Belmar v. Borough of Belmar, 343 N.J. Super. 1, 39 (App. Div. 2001) (citing Inganamort, 72 N.J. at 423).

Here, the Township's zoning code included severability provisions. Thus, the trial court had to ascertain the legislative intent of the Ordinance to determine the severability of subsection (d). The judge properly determined that the Township enacted the Ordinance to accord flexibility and discretion to the Board in reviewing applications for non-residential parking lots in residential zones. If subsections (a), (b), and (c) of the Ordinance remained valid after excising subsection (d), plaintiff's application would be fully compliant and the negative impacts potentially associated with non-residential parking in a residential neighborhood could not be reviewed by either the Township's planning board or zoning board. Thus, considering the Ordinance as a whole, subsection (d) cannot be severed from the remaining subsections of the Ordinance. To do so would be contrary to the Ordinance's intent and purpose:

to allow governmental review of applications to develop non-residential parking in residential areas.

Having reviewed the record, we agree with the judge's determination that the entirety of the Ordinance was invalid. Consequently, the Board's reliance on the invalid Ordinance to deny plaintiff's application was arbitrary and capricious.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5282-17T3